MAHLON DICKERSON *v.* ROBERT P. STOLL and JOSEPH E. ED-
SALL.

The Court will not entertain a question of boundary between adjoining land owners.

Bill filed April 5th, 1847, stating, that on the 24th of March, 1795, Elizabeth Stevens, being seized in fee of a tract of 275 acres of land, (in the bill described), sold and conveyed the same, by warranty deed, to Jonathan Dickerson, the father of the complainant; which deed was recorded February 6th, 1813. That the said Jonathan Dickerson was in the peaceable possession and enjoyment of said land until his death, in 1805; and built a saw mill and dwelling house, and planted an orchard on the said tract.

That Jonathan Dickerson died intestate, and a part of said land descended to the complainant; and he bought the remaining part of said tract of the other heirs, and received their deeds therefor; and that the complainant has peaceably possessed and enjoyed the whole of said tract for more than twenty years last past.

That, on or about March 2d, 1847, divers persons commenced cutting down the wood and timber on a part of said tract; and on inquiry the complainant was informed, and he believes, that Robert P. Stoll, with divers workmen employed by him, were engaged in cutting down said wood and timber.

That the complainant, on the 3d of March, 1847, called on said Stoll and gave him notice that said wood and timber stood on complainant's premises. That Stoll said he was acting under a contract or authority from Joseph E. Edsall; and then and there also stated, that he had been advised to obtain a bond of indemnity before he commenced cutting; and that, before commencing to cut he had received a bond of indemnity; which bond, the complainant believes and charges, was given on behalf of said Edsall. And the bill states, that said Edsall is partici-

pating in said waste and trespasses, and has sold said wood and timber to said Stoll.

That, notwithstanding said notice, the said Stoll and Edsall, with their workmen, continued to cut; and that they have already cut several hundred trees, among which are many very valuable timber trees. And complainant has been informed and believes, that said Stoll and Edsall intend to convert the wood they have cut into charcoal; part of it, including timber trees, having already been cut into cord wood. That the land on which they are cutting is not mere wood land, but valuable timber land; that the timber upon it constitutes its principal value; and that said timber is rapidly increasing in value, by reason of the increasing demand therefor, and by reason of the public improvements proposed to be made upon or near said tract of land; and that said timber stands about three-quarters of a mile from the banks of the Morris canal; so that the complainant has good cause to anticipate in a few years a much larger price for said timber than could at present be obtained. And that said wood and timber is more valuable to the complainant than to other persons, by reason of its connection with his said farm and premises.

That it will be difficult, if not impossible, to calculate correctly the value of said wood and timber cut and intended to be converted into charcoal without measurement; and that the amount of damages could not well be ascertained in an action at law.

That the complainant lives about eight miles from said tract, and cannot conveniently watch the defendants and those working under them, so as to know &c.; and that the trespasses so committed and intended are ruinous, irreparable, and destructive of the future enjoyment of the premises by the complainant.

That said defendants have no right or title whatever to said premises, and are persons of doubtful pecuniary circumstances.

The bill prays, that the defendants may be decreed to account for the wood and timber by them cut, and for the damages occasioned to the complainant thereby; and that, in the meantime, the defendants may be restrained by injunction from cutting down any more wood and timber; and from charring, removing, or otherwise disposing of any wood or timber already cut; and

from committing any other waste or spoil on said premises; and for such other relief, &c.

The injunction prayed was allowed.

The defendants put in their separate answers.

Edsall, in his answer, says, that he has no knowledge, information or belief, that there has been any wood or timber cut upon said tract so conveyed by said Elizabeth Stevens to said Jonathan Dickerson, by said Stoll or this defendant, or by any person under their authority.

That if said Stoll has cut upon said tract, it has been without any authority or direction from this defendant.

He denies that he, or any person empowered by him, gave any indemnity or contract to Stoll to cut on said tract before mentioned.

He says that he, being the owner of a tract adjoining the tract before mentioned, on the 30th of January, 1847, by his attorney, Robert Hamilton, entered into a contract in writing with Stoll for the sale of the same, (setting out the contract.) It is a contract to sell and convey to Stoll, for $16 an acre, all that tract &c., bounded by lands of Mahlon Dickerson, the Musconetcong river, lands in possession of John Rowland and the turnpike road; supposed to contain thirty-five acres, more or less; being all the lands of said Joseph E. Edsall on the south side of the turnpike road and between that and the Musconetcong river, more or less; the land to be surveyed, and a good and sufficient deed to be made therefor when the second payment thereinafter mentioned is made. And Stoll agrees to buy, and he gives his notes, endorsed by John Bell, for the amount, calculated at thirty-five acres, payable in equal thirds, one in four, one in eight, and one in twelve months. The agreement contains a provision for excess or deficiency in quantity upon a survey.

That in 1836, the line between the tract mentioned in complainant's bill and the said tract of this defendant being through

wood and uncultivated land, and he being desirous of ascertaining the position of the same, he employed Joseph Linn, an efficient surveyor, to run said line. That said Linn, accompanied by this defendant and others, run said line, and fixed it near to, but a little to the westward of a line of marked trees afterwards marked by this defendant. That about 1845, being a practical surveyor himself, he made another survey of said line as accurately as possible; and his running and survey agreed with that of said Linn; and this defendant then marked said trees as above stated, a little to the eastward of where said Linn run the line; and, this defendant then believed and still believes, within his own land, in order to be safe in its location.

That he afterwards informed the complainant where he made the line; and complainant told him he did not know where the line run, but expressed some doubt as to this defendant having it right.

That, since the commencement of this suit, he procured Nathan Smith, an accurate surveyor, to run the said line to the westward of said line of marked trees and of any of the cutting.

He says he had no participation in the said cutting. That by his contract with Stoll he intended to sell to complainant's line; and though he then was and still is satisfied that he owned fully to the said line of marked trees, if no further westward, yet he was anxious,·before he made any conveyance, to have the complainant made satisfied with the line, to get him upon the ground with this defendant, and to have it surveyed by some surveyor in whom they both had confidence; and for this reason the survey of the land contracted to Stoll, as aforesaid, was kept open by said contract.

He says he has understood, and believes it to be true, that since the injunction the complainant and said Stoll have made some agreement in respect to the wood and timber cut by said Stoll, by which said Stoll is to pay the complainant for so much thereof as may be found to have been cut on the complainant's land; and in pursuance of which the said Stoll has taken and disposed of the same.

He says that, both before and since the commencement of this

suit, he has proposed to the complainant to agree with him upon any competent surveyor to go upon the land and survey and fix the said line between the said tracts of land, and to abide thereby ; but the complainant has not seen proper so to do; and this defendant still professes himself ready to do so.

The answer of Stoll is not important to the question involved.

Testimony was taken on both sides, with a view of showing the true boundary line ; and the case was brought to hearing on the pleadings and evidence.

*J. J. Scofield* for the complainant; and the complainant *pro se.*

*R. Hamilton* and *D. Haines* for the defendants. They cited 2 *Green's Ch.* 279.

THE CHANCELLOR. It is a question of boundary between adjoining land owners. The complainant will be left to his action at law. If, after such action brought, the defendants, or either of them, proceed to cut again, an injunction can be applied for.

Bill dismissed.